IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANSE SULLIVAN,
     Petitioner,
  vs.
WARDEN,
     Respondent.

No. C 07-03020 JW (PR)

ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner, a civil detainee in custody at the Coalinga State Hospital in Coalinga, California, pursuant to civil commitment proceedings under California's Sexually Violent Predators Act (Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA")), filed a pro se petition for writ of habeas corpus under to 28 U.S.C. § 2254. Petitioner challenges the commitment decision. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

Petitioner was in state prison and scheduled to be paroled on June 22, 1999. Prior to his release, his Central File was audited, and it was determined that he suffered a mental disorder. He was thereafter committed as a Sexually Violent Predator in Santa Clara County Superior Court. He has since been re-committed, most recently on

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.07\Sullivan03020_osc.wpd

November 16, 2006.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims that the BPH's November 18, 2002, decision finding him not suitable for parole denies him the terms and benefits of his plea agreement and thereby violate due process and equal protection. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and

that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **forty-five (45) days** of his receipt of the answer.

3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **forty-five (45) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4.   Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED:  November 6, 2007

JAMES WARE
United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.07\Sullivan03020_osc.wpd         3