EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MOONA NANDI
Deputy Attorney General
State Bar No. 168263
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-3664
 Telephone: (415) 703-5962
 Fax: (415) 703-1234
 Email: moona.nandi@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MANSE SULLIVAN,**<br><br>                    Petitioner,<br><br>        v.<br><br>**WARDEN,**<br><br>                    Respondent. | C 07-03020 JW (PR) |

**MOTION TO DISMISS UNDER *YOUNGER v. HARRIS***

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MOONA NANDI
Deputy Attorney General
State Bar No. 168263
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5962
  Fax: (415) 703-1234
  Email: moona.nandi@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MANSE SULLIVAN,**<br><br>                     Petitioner,<br><br>   v.<br><br>**WARDEN,**<br><br>                     Respondent. | C 07-03020 JW (PR)<br><br>**MOTION TO DISMISS**<br>**UNDER *YOUNGER v. HARRIS*** |

Respondent hereby moves this Court for an order dismissing the petition for writ of habeas corpus under *Younger v. Harris*, 401 U.S. 37, 46 (1971). Respondent has not noticed this motion for hearing as petitioner is in custody and not represented by counsel.

**INTRODUCTION**

Petitioner Manse Sullivan, committed involuntarily to Coalinga State Hospital as a sexually violent predator (SVP), Cal. Welf. & Inst. Code § 6600 et seq., has filed a petition for writ of habeas corpus in this Court alleging that he does not suffer from a diagnosed mental disorder and, as a result, there is insufficient evidence to support his continuing confinement. Respondent moves to dismiss the petition on the ground that petitioner's direct appeal from the judgment is currently pending in state court. A motion to dismiss in lieu of an answer on the merits is appropriate where

the petition is procedurally defective.  *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and Advisory Committee Notes.

## PROCEDURAL BACKGROUND

On November 16, 2006, a Santa Clara County jury found true a petition alleging that petitioner was a sexually violent predator under California Welfare and Institutions Code section 6600 et seq.  The superior court ordered petitioner committed to the custody of the state Department of Mental Health for an indeterminate term.  Petn. for Writ of Habeas Corpus at 2.  Petitioner filed a notice of appeal.  The appeal is currently pending in the California Court of Appeal.  Exh. A.  The instant petition was filed on June 11, 2007.

## ARGUMENT

### THE PETITION SHOULD BE DISMISSED UNDER *YOUNGER v. HARRIS*

For compelling reasons of comity and federalism, the United States Supreme Court has established a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. at 46.  This policy, known as the abstention doctrine, may be circumvented only in "extraordinary circumstances," such as proof of the state's bad faith or harassment.  *Id*. at 53; *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).  *Younger* abstention is required when:  (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue, meaning that there is no procedural bar preventing a party from raising the issue. *Communications Telesystems Int'l v. California Pub. Util. Comm'n,* 196 F.3d 1011, 1019 (9th Cir.1999); *Dubinka v. Judges of the Superior Court,* 23 F.3d 218, 223 (9th Cir.1994).  If *Younger* abstention applies, a court may not retain jurisdiction, but should dismiss the action. *Judice v. Vail,* 430 U.S. 327, 348 (1977).

The abstention doctrine expressly applies to state appellate proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975); *see also Drury v. Cox*, 457 F.2d 764, 764-765 (9th Cir.

1972) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, *judgment has been appealed from and the case concluded in the state courts,*" emphasis added). "When, as in the present case, an appeal of a state [civil commitment] is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983). The habeas petitioner's appeal may result in reversal of the judgment, thereby mooting the federal question. *Id.* The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982) (finding *Younger* abstention applicable to state bar disciplinary proceedings where important state interest of regulating attorney conduct involved, constitutional claims could be addressed in state proceedings, and no extraordinary circumstances warranted federal intervention).

*Younger* applies to the petitioner's pending appeal challenging his commitment as an SVP. The proceedings are judicial in nature, involve important state interests concerning the state's regulation of sexually violent offenders, and afford petitioner an adequate opportunity to raise constitutional issues; petitioner has made no showing of extraordinary circumstances. Under the rationale of *Younger*, this Court should abstain from ruling on the instant petition and dismiss it without prejudice. Nothing prevents petitioner from re-filing a petition for writ of habeas corpus following completion of his state court proceedings if the state court fails to provide him adequate relief.

## CONCLUSION

Accordingly, for the reasons stated, respondent respectfully requests that the petition for writ of habeas corpus be dismissed.

Dated: April 15, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Moona Nandi

MOONA NANDI
Deputy Attorney General

Attorneys for Respondent

MN:ng
SF2007403163

MOTION TO DISMISS UNDER *YOUNGER v. HARRIS* - *Sullivan v. Warden* - C 07-03020 JW (PR)

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Sullivan v. Warden**

No.:   **C 07-03020 JW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 15, 2008, I served the attached **MOTION TO DISMISS UNDER *YOUNGER v. HARRIS*** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Manse Sullivan
C-000425-9
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 15, 2008, at San Francisco, California.

|  Nelly Guerrero  | /s/ Nelly Guerrero |
|:---:|:---:|
| Declarant | Signature |

40241846.wpd