1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    MANSE SULLIVAN,                      )
                                           )    No. C 07-03020 JW (PR)
12              Petitioner,                )
                                           )    ORDER OF DISMISSAL
13       vs.                               )
                                           )
14    WARDEN,                              )
                                           )
15              Respondent.                )
                                           )    (Docket Nos. 8 & 12)
16    _____

17

18          Petitioner, a civil detainee in custody at the Coalinga State Hospital in

19    Coalinga, California, pursuant to civil commitment proceedings under California's

20    Sexually Violent Predators Act (Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA")),

21    filed a pro se petition for writ of habeas corpus under to 28 U.S.C. § 2254.

22    Petitioner challenges the commitment decision.   One April 15, 2008, respondent

23    filed a motion to dismiss the petition on abstention grounds under Younger v.

24    Harris, 401 U.S. 37, 46 (1971).  Petitioner filed a "traverse" which the Court

25    construes as an opposition to the motion to dismiss, (Docket No. 11), a motion to

26    file a supplement thereto, (Docket No. 12), and a request for the Court to take

27    "judicial notice of denial of state appeal," (Docket No. 13.)

28    ///

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\HC.07\Sullivan03020_dismissal (exh).wpd

*(left margin, vertical text)* United States District Court  For the Northern District of California

United States District Court

For the Northern District of California

1

**BACKGROUND**

2          Petitioner was in state prison and scheduled to be paroled on June 22, 1999.

3   Prior to his release, his Central File was audited, and it was determined that he

4   suffered a mental disorder.  He was thereafter committed as a Sexually Violent

5   Predator in Santa Clara County Superior Court.  He has since been re-committed,

6   most recently on November 16, 2006.  Petitioner filed the instant federal petition on

7   June 11, 2007, while his state appeal was pending before the California Court of

8   Appeal.  The Court takes judicial notice of the December 19, 2008 decision by the

9   state appellate court denying the appeal.  (Docket No. 12.)

10

11

**DISCUSSION**

12   A.    Standard of Review

13          Under principles of comity and federalism, a federal court should not

14   interfere with ongoing state criminal proceedings by granting injunctive or

15   declaratory relief absent extraordinary circumstances.  Younger v. Harris, 401 U.S.

16   at 43-54.  Younger applies to noncriminal proceedings as well when important state

17   interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n,

18   457 U.S. 423, 432 ( 1982).  The state proceeding at issue, *i.e.*, the appeal in the

19   California Court of Appeal, has since been concluded, and therefore Younger

20   abstention is no longer at issue.

21          However, the petition is not ripe for federal review because petitioner has not

22   exhausted his state remedies by presenting the highest state court with a fair

23   opportunity to rule on the merits of his federal claims.  A state prisoner who wishes

24   to challenge collaterally in federal habeas proceedings the validity of his conviction

25   or confinement is first required to exhaust state judicial remedies, either on direct

26   appeal or through collateral proceedings, by presenting the highest state court

27   available with a fair opportunity to rule on the merits of each and every claim he

28   seeks to raise in federal court.  28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S.

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\HC.07\Sullivan03020_dismissal (exh).wpd        2

1  509, 515-16 (1982).  The exhaustion requirement is not satisfied if there is a pending

2  proceeding in state court that could result in the relief the federal petitioner seeks,

3  thereby mooting the federal question.  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th

4  Cir. 1983).  That the California Court of Appeal recently filed an opinion affirming

5  the superior court's judgment of commitment, see People v. Sullivan, No H031007

6  (Cal. Ct. App. Dec. 19, 2008) (unpublished opinion) (Docket No. 13), does not

7  compel a different result.  The opinion is not yet final as it may still be reviewed by

8  the Supreme Court of California.  See also Gatlin v. Madding, 189 F.3d 882, 889

9  (9th Cir 1999) (appropriate time to assess whether petitioner has exhausted his state

10  remedies is when federal petition is filed; if petitioner exhausts after filing, he can

11  bring that up in a subsequent petition).  Accordingly, the petition is DISMISSED for

12  failure to exhaust state remedies.  See Rose v. Lundy , 455 U.S. at 510.

13  　　　Respondent's motion to dismiss (Docket No. 8) and Petitioner's motion for

14  leave to file supplemental motion to traverse (Docket No. 12) are DENIED as moot.

15

16  DATED:   March 11, 2009

    JAMES WARE
17  United States District Judge

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MANSE SULLIVAN,

             Petitioner,

  v.

WARDEN,

             Respondent.

_____/

Case Number: CV07-03020 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/13/2009_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Manse Sullivan C 000425-9
Coalinga State Hospital
P. O. Box 5000
Coalinga, Ca 93210


Dated: _____3/13/2009_____

                        Richard W. Wieking, Clerk
                /s/  By: Elizabeth Garcia, Deputy Clerk